IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEJANDRO ANTONIO RODRIGUEZ HERNANDEZ, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. CIV-25-1525-SLP<br>) |
| SCARLET GRANT, Warden of Cimarron Correctional Center, in her Official capacity, et al., | )<br>)<br>)<br>)<br>) |
| Respondents. | ) |

# **O R D E R**

Petitioner, Alejandro Antonio Rodriguez Hernandez, represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 12] and the matter is at issue. The Court reviews de novo any portion of the R&R to which Respondents have made specific objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

Petitioner is a citizen of Mexico and entered the United States around 2005. On November 8, 2025 he was arrested by the U.S. Immigration and Customs Enforcement

(ICE) and detained at the Cimarron Correctional Facility in Cushing, Oklahoma pursuant to the mandatory detention provision set forth in 8 U.S.C. § 1225(b)(2)(A).

As set forth in the R&R, "[u]pon his detention, ICE issued a custody determination to continue [Petitioner's] detention without an opportunity to post bond or be released on other conditions. R&R at 2. "On December 3, 2025, Petitioner was denied a bond hearing before an Immigration Judge ("IJ") because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds that those who entered the United States without admission or parole are ineligible for a bond hearing." *Id*. at 2.

On December 17, 2025, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge issued a thorough and well-reasoned R&R and concluded that habeas relief should be granted, in part. As an initial matter, the Magistrate Judge found that 8 U.S.C. § 1252(g) is not a jurisdictional bar to this Court's review of the claims asserted by Petitioner. The Magistrate Judge then recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period. The Magistrate Judge further

recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claim.[1]

Respondents object to the R&R.  Respondents urge the Court to find that § 1252(g) is a jurisdictional bar to the Court's review of the claims raised in the Petition.  Respondents further argue that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).

The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects both Respondents jurisdictional challenge pursuant to § 1252(g) and Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues.  In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial

---

[1] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's due process claim and the Court concurs with that recommendation.

district,[2] in district courts within the Tenth Circuit[3] and across the country[4] to have addressed the same issues as those raised by Petitioner.[5] And the Court's decision is in accord with the Seventh Circuit, the first (and, to date, only) circuit court to reject the statutory interpretation of §1225(b)(2) as urged by Respondents. *See Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART as follows:

1. Count I of the Petition is GRANTED and Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2. Count II is DISMISSED WITHOUT PREJUDICE.

---

[2] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

[3] *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

[4] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

[5] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

IT IS FURTHER ORDERED that Respondents shall certify their compliance with this Order by filing a status report within ten (10) days of this Order. The status report shall detail whether Petitioner was provided a bond hearing or has been released, including the associated dates with either action.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE